UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KRISHAN, INC., | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-0190-B |
| TXS UNITED HOUSING PROGRAM, INC. and DEBRA KROUPA, | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Krishan, Inc.'s Motion to Remand. Doc. 6. For the reasons explained below, Plaintiff's Motion is **GRANTED**.

I.

BACKGROUND

This case involves a basic eviction suit brought in Hunt County, Texas Justice of the Peace Court by Plaintiff Krishan, Inc. against Defendant Debra Kroupa. Doc. 6, Pl.'s Mot. to Remand 1.[1] Plaintiff apparently purchased property at 1216 Interstate Highway 30 West in Greenville, Texas at a trustee's sale and then obtained a Judgment of eviction against Debra Kroupa in the Justice of the Peace Court on December 6, 2016. *Id.*; Doc. 6-3, State Court Judgment. Kroupa appealed the Justice of the Peace Court Judgment of eviction to the Hunt County Court at Law No. 2 on January 10,

---

[1]Because Kroupa did not attach a copy of the actual state court pleading to her Notice of Removal, as is required by 28 U.S.C. § 1446(a), the facts of the underlying suit are pieced together from various documents submitted by the parties.

2017, and the appeal was set for hearing on January 23, 2017. Doc. 1-3, Notice of Appeal; Doc. 1-5, Notice of Court Setting. The day before the hearing, however, Kroupa filed a notice of removal to this Court. Doc. 1, Notice of Removal.[2] Although Plaintiff cited 28 U.S.C. § 1332(a) in her Notice of Removal (Doc. 1, Notice of Removal 1), it appears she actually intended to remove the case based on federal question jurisdiction.[3]

Plaintiff filed its Motion to Remand on February 8, 2017. Doc. 6, Pl.'s Mot. to Remand. Kroupa responded on March 1, 2017. Doc. 9, Def.'s Resp. to Pl.'s Mot. to Remand [hereinafter Def.'s Resp.]. Plaintiff did not file a reply brief, and the time for doing so has passed. *See* N.D. Tex. Local Civ. R. 7.1(f). Therefore, Plaintiff's Motion to Remand is ripe for review.

## II.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They possess only the power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Therefore, district courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916.

A defendant may remove an action filed in state court to federal court if the case could have

---

[2]It is unclear what role TXS United Housing Program, Inc. plays in this case as it does not appear to have been a party to the state court eviction proceedings. *See* Doc. 6, Mot. to Remand 2. Kroupa includes TXS United Housing Program, Inc. as a defendant, however, in her Notice of Removal.

[3]As discussed below, removal fails on both accounts.

originally been filed in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Federal subject matter jurisdiction is limited to only those cases involving a question of federal law or those where parties are of diverse citizenship. *See* 28 U.S.C. §§ 1331–1332.

In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Even then, a case may be removed on the basis of diversity jurisdiction only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b). Federal question jurisdiction "exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial federal law." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (internal quotation marks omitted).

## III.

## ANALYSIS

As noted above, it is not totally clear on what basis Kroupa alleges removal was proper. In both her Notice of Removal and her response to Plaintiff's Motion to Remand, Kroupa indicates that the case was removed based on federal question jurisdiction. Doc. 1, Notice of Removal 2 ("The United States District Court for the Northern District of Texas, Dallas Division, has jurisdiction over this action based on federal question jurisdiction. *See* 28 U.S.C. Sec. 1331."); Doc. 9, Def.'s Resp. 1 ("A Federal Question has been invoked as a result of the Civil Rights Violations that have occurred as a result of the conduct of the Plaintiff."); *Id.* ("Defendants, will asserted [sic] claims under the Federal Housing Act. Under 28 USC 1441. By asserting those claims, this Court has

jurisdiction over federal question matters."). However, Kroupa also cites 28 U.S.C. § 1332(a)—the federal diversity statute—in the Notice of Removal. Doc. 1, Notice of Removal 1 ("This Notice of Removal is filed pursuant to 28 U.S.C. Sec. 1332(a), 1441, and 1446."). Though it occurs to the Court that the reference to § 1332 in the Notice of Removal may have been unintentional, the Court will address both avenues of federal subject matter jurisdiction, beginning with diversity jurisdiction.

A.  *Diversity Jurisdiction*

Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000 exclusive of interests and costs and there is complete diversity of citizenship. 28 U.S.C. § 1332(a). "Complete diversity" means that no plaintiff may share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). And "courts have consistently held that the amount in controversy in forcible detainer cases is not the value of the property itself, rather the value of the right to possess the property." *Wells Fargo Bank, N.A. v. Santana*, No. 3:10-CV-923-B, 2010 WL 5313734, at *2 (N.D. Tex. Dec. 20, 2010) (collecting cases).

As noted above, "the burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). And a defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). A defendant may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or by setting forth the facts in controversy that support a finding of the

requisite amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Here, Kroupa fails to establish either complete diversity or the amount in controversy. As noted above, Kroupa has not included a copy of the state court pleading with her Notice of Removal. *See* Doc. 1, Notice of Removal. She also neglects to mention the citizenship of the parties or the amount in controversy in her Notice of Removal. *See id.* Therefore, the Court has no evidence from which to determine either the amount in controversy or the citizenship of the parties. Furthermore, going off of the state court Judgment of eviction, it appears Kroupa may actually be a citizen of the state of Texas, which would also foreclose removal based on diversity jurisdiction by operation of the "forum defendant rule." *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Therefore, the Court finds that Kroupa has not carried her burden to establish diversity jurisdiction.

B.    *Federal Question Jurisdiction*

As previously mentioned, Kroupa repeatedly states that removal is warranted in this case based on federal question jurisdiction. Her Notice of Removal states only that the Court "has jurisdiction over this action based on federal question jurisdiction" but does not specify the cause of action bestowing federal question jurisdiction. Doc. 1, Notice of Removal 2. Her response to Plaintiff's Motion to Remand clarifies that federal question jurisdiction "has been invoked as a result of Civil Rights Violations that have occurred as a result of the conduct of the Plaintiff," which Kroupa "will [assert]" "as defenses to the Plaintiff's action." Doc. 9, Def.'s Resp. 1–2. Kroupa contends that "[b]y [Kroupa] asserting those claims, this Court has jurisdiction over federal question

matters." *Id.* at 1.

Again, because Kroupa did not attach a copy of the state court pleading to her Notice of Removal the Court cannot say for sure, but it appears from the other documents that Plaintiff's state court suit was a basic forcible detainer/eviction action. *See* Doc. 6, Pl.'s Mot. to Remand; Doc. 1, Notice of Removal. Thus, it appears Kroupa asserts federal question jurisdiction based only on defenses or counterclaims she intends to raise "under the Federal Housing Act" in the form of "Civil Rights Violations that have occurred as a result of the conduct of the Plaintiff." Doc. 9, Def.'s Resp. 1. However, it is a fundamental rule of civil procedure that it is "not sufficient for the federal question to be raised in the answer or in the petition for removal." *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)). "Nor can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). Rather, it must be presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Here, Kroupa has failed to meet her burden to establish a federal question arising on the face of Plaintiff's complaint. Furthermore, even had Kroupa included a copy of Plaintiff's state court pleading, "[f]orcible detainer actions do not meet this standard." *Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010). Therefore, Kroupa has not met her burden to establish federal question jurisdiction over this action.

C.  *Costs*

Finally, in its Motion to Remand, Plaintiff asks the Court to order Kroupa "to pay to plaintiff all costs and expenses, including attorney's fees, incurred by plaintiff as a result of the removal." Doc. 6, Pl.'s Mot. to Remand 4. The removal statutes authorize a district court to award all costs and

attorneys' fees incurred as a result of the removal "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). There is "no automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Rather, the Court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293.

Requests for costs and attorneys' fees are often denied where a defendant is proceeding *pro se* or *in forma pauperis*. *See, e.g.*, *Elliott*, 2010 WL 4627833, at *5; *Paragon Am. v. Price*, No. 3:14-CV-678-P-BN, 2014 WL 1870798, at *5 (N.D. Tex. May 6, 2014). In this case, however, Defendant was represented by counsel at the time this case was removed. Additionally, the rule is well established that federal jurisdiction is determined only on the basis of the well-pleaded complaint. Because there does not appear to have been any objectively reasonable basis to remove this case based on either diversity or federal question jurisdiction, the Court finds that an award of attorneys' fees, just costs, and actual expenses incurred as a result of the removal is appropriate in this case. Accordingly, Plaintiff may file an application for attorneys' fees, costs, and expenses using the procedure established in Federal Rule of Civil Procedure 54(d)(2), to be filed in accordance with the deadline prescribed by that Rule.

## IV.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is **GRANTED** and this case is hereby **REMANDED** to the court from which it was removed, the Hunt County Court at Law No.

2.[4] Additionally, Plaintiff is entitled to recover from Kroupa all just costs and any actual expenses, including attorneys' fees, incurred by Plaintiff as a result of the removal. Because this case is being remanded to state court, Kroupa's Motion to Dismiss (Doc. 8) is **DENIED as moot**.

    **SO ORDERED.**

    **SIGNED: June 5, 2017.**

_[signature]_

**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**

---

[4]Because remand is warranted on other grounds, the Court does not reach Plaintiff's argument that Kroupa waived federal jurisdiction by participating in the state court eviction proceedings.